DECISION
Plaintiff appeals concerning certain personal property penalty matters for the 2007-08 tax year, relating to Account P2157769. A case management conference was held April 29, 2009. Sheng Yun Chou appeared for Plaintiff. Representing Defendant were Vickie Ellinwood and Corey Henkleman.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property in Washington County. Plaintiff has a business and is required to file annual personal property returns by March 1 of each year. For tax year 2007-08, a return was not submitted.
Because the return was not submitted before August 1, the county assessed a penalty of 50 percent. Plaintiff was given notice of those fees by way of an omitted property notice dated November 24, 2008. The amount at issue is $181.28.
Plaintiffs representative stated that she and her husband also own another business located in Washington County. For that entity, they have timely filed personal property returns. *Page 2 
Nonetheless, Plaintiff?s owner states she was unaware of the tax and that she should have been earlier informed by Defendant or some other organization. She wrote to the court: "We just open our business in Sep. 2006. Neither were we aware of this tax nor did we receive any notes, so we did not take any action to pay something we do not know it exist." (Ptf?s Compl at 3.)
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, it "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4) states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1, 2007. Pursuant to the statute, it is responsible for a 50 percent penalty. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows waiver of a late-filing penalty when there is good and sufficient cause to waive the penalty. In such cases involving past years and omitted property assessments, this court has the power to waive or reduce that penalty. Plaintiff must provide a proper showing of good and sufficient cause. *Page 3 
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
The sole reason offered for the failure to file is lack of knowledge of the legal requirements. That specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
Plaintiffs failure to file a personal property tax return for tax year 2007-08 was not due to causes beyond its immediate control.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on May 28,2009. The Court filed and entered this document on May 28, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1